UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Stephen Zarate,

    Petitioner

v.

Clark County Detention Center,

    Respondent

Case No.: 2:22-cv-01448-JAD-BNW

**Order Denying Relief
in Closed Case**

    Stephen Zarate, who is incarcerated at the Clark County, Nevada, Detention Center, initiated this action on September 6, 2022.[1]  I dismissed the action without prejudice on September 19, 2022, because Zarate did not pay the filing fee and did not file a complete application to proceed *in forma pauperis*, and because he did not submit a petition for writ of habeas corpus.[2]  I explained that the dismissal was without prejudice to Zarate initiating a new habeas corpus action by submitting a habeas petition along with payment of the filing fee or a proper application to proceed *in forma pauperis*, and I directed the Clerk to send Zarate the necessary forms.[3]  Judgment was entered and this case was closed.[4]

    Two days later, Zarate filed in this action—and in Case No. 2:22-cv-01449-APG-NJK, a civil rights action Zarate initiated around the same time he initiated this case—a new application

---

[1] *See* ECF No. 1.
[2] ECF No. 3.
[3] *Id*.
[4] ECF No. 4.

to proceed *in forma pauperis*,[5] a civil rights complaint,[6] a civil cover sheet,[7] and a proposed summons.[8]  Then, on September 30, 2022, Zarate filed, in the same two cases, another application to proceed *in forma pauperis*.[9]

I treat Zarate's September 21 and 30 filings as a motion for reconsideration of my September 19 order, and I deny that motion.  Zarate's September 21 application to proceed *in forma pauperis*[10] is incomplete; it does not include the required financial certificate signed by a jail officer.[11]  Zarate's September 30 application to proceed *in forma pauperis* is complete and does indicate that he could qualify for *in forma pauperis* status.  However, I will not reconsider the dismissal of this action because Zarate still has not submitted a petition for writ of habeas corpus.

If Zarate wishes to pursue a habeas corpus action, he must submit a habeas petition along with payment of the filing fee or a proper application to proceed *in forma pauperis,* and he must do so using the correct forms, filled out completely.  He must not put the case number of this case on those forms, as this case is closed and will remain closed; he must initiate a new action.

I note that Zarate has initiated a civil rights action in Case No. 2:22-cv-01449-APG-NJK in this court.  To the extent that Zarate treats this as a civil rights action, it appears to be redundant.

---

[5] ECF No. 5.
[6] ECF No. 5-1.
[7] ECF No. 5-2.
[8] ECF No. 5-3.
[9] ECF No. 6.
[10] ECF No. 5.
[11] *See* LSR 1-2.

Finally, I direct the Clerk of the Court to accept no further filings in this action, other than a notice of appeal in case Zarate wishes to appeal.

IT IS THEREFORE ORDERED that Zarate's September 21 and 30, 2022, filings **(ECF Nos. 5 and 6) are treated as a motion for reconsideration of the September 19, 2022, order and DENIED.**

IT IS FURTHER ORDERED that **the Clerk of the Court is directed to:**

- **SEND** Petitioner a copy of the forms for an application to proceed *in forma pauperis*, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

- **ACCEPT NO FURTHER FILINGS IN THIS ACTION OTHER THAN A NOTICE OF APPEAL**.

Dated: October 4, 2022

_____
U.S. District Judge Jennifer A. Dorsey